# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION


**JIM EARL ARON, INDIVIDUALLY AND**
**D/B/A JIM ARON CONSTRUCTION**                                 **PLAINTIFF**


**VS.**                                                 **CIVIL ACTION NO. 3:05CV118**


**HAM MANAGEMENT & DEVELOPMENT**
**COMPANY**                                                 **DEFENDANT**


<u>ORDER</u>

This cause comes before the court on the motion of plaintiff Jim Earl Aron, Individually and

d/b/a Jim Aron Construction, pursuant to 28 U.S.C. § 1447, to remand this case to the Chancery

Court of Lafayette County. Defendant HAM Management & Development Company has responded

in opposition to the motion, and  the court, having considered the memoranda and submissions of

the parties, along with other pertinent authorities, concludes that the motion is well taken and should

be granted.

This action involves a dispute among members of HAM Management & Development Co.

LLC, of which plaintiff Jim Earl Aron is one member.  Aron filed suit against HAM in Lafayette

County Chancery Court on July 30, 2004, seeking an accounting as well as injunctive relief arising

out of defendant's alleged non-payment of sums owed for work performed by plaintiff.   On

September 23, 2005, defendant removed the case to this court, on the basis of bankruptcy

1

jurisdiction.  *See* 28 U.S.C. § 1334.[1]

Defendant argues that the court has "related to" bankruptcy jurisdiction based on the fact that, at the time the case was filed and removed, plaintiff had filed prior Chapter 7 and Chapter 11 bankruptcies to which this case "relates," within the meaning of 28 U.S.C. § 1334.  In the court's view, the issue of whether it has "related to" jurisdiction in this case is largely immaterial, given that discretionary abstention, *see* 28 U.S.C. § 1334(c)(1), and/or equitable remand, *see* 28 U.S.C. § 1452(b) are appropriate, even assuming that the court has "related to" jurisdiction.  Because the doctrines of discretionary abstention and equitable remand are very similar, they require the court to consider many of the same factors.  *See Davis v. Life Investors Ins. Co. of America*, 282 B.R. 186, 194 (S.D. Miss. 2002).  These factors include:

> (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention;
> (2) extent to which state law issues predominate over bankruptcy issues;
> (3) difficult or unsettled nature of applicable law;
> (4) presence of related proceeding commenced in state court or other non-bankruptcy proceeding;
> (5) jurisdictional basis, if any, other than § 1334(c);
> (6) degree of relatedness or remoteness of proceeding to main bankruptcy case;
> (7) the substance rather than the form of an asserted core proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> (9) the burden of the ...court's docket;
> (10) the likelihood that the commencement of the proceeding in the [district] court involves forum shopping by one of the parties;
> (11) the existence of a right to a jury trial;
> (12) the presence in the proceeding of non-debtor parties;
> (13) comity; and
> (14) the possibility of prejudice to other parties in the action.

---

[1]Defendant also mentioned federal question jurisdiction in his notice of removal, although its brief in opposition to remand focuses on bankruptcy jurisdiction.  At any rate, there is no apparent basis for the exercise of federal question jurisdiction in this case.

*Id.*

In its brief opposing remand, defendant essentially ignores these factors, even though plaintiff properly raises them in his brief. At any rate, the court agrees with plaintiff that these factors militate heavily in favor of remand. The present lawsuit is not a "core proceeding" within the meaning of 28 U.S.C. §157(b), and the court would also note that state law issues predominate heavily over any federal issues in this case. Indeed, the purpose of the present lawsuit is simply to place a value on the asset (i.e. plaintiff's cause of action) that defendant alleges to be an asset of plaintiff's bankruptcy estate, and this valuation may be performed equally well in state court. The court sees little, if any, practical benefit in retaining jurisdiction over this case when the bankruptcy court and the chancery court may protect the interests of plaintiff's creditors, regardless of whether this lawsuit is tried in state or federal court.[2] Although plaintiff's bankruptcy creditors do have legitimate interests in the disposition of this case (assuming that the lawsuit is deemed to be an asset of the bankruptcy estate), the intervention of this court is not required to protect those interests.

The court would also note that the mandatory abstention factors set forth in 28 U.S.C. § 1334(c)(2) likewise require abstention. Section 1334(c)(2) *requires* this court to abstain in cases where

     1. A motion has been timely filed requesting abstention.
     2. The cause of action is essentially one that is premised on state law.
     3. The proceeding is non-core or related to the bankruptcy case.
     4. The proceeding could not otherwise have been commenced in federal court absent

---

[2]The court would note that defendant has sought for the bankruptcy court to re-open plaintiff's bankruptcy estate, and nothing in this court's order today prevents the bankruptcy court from entering whatever orders or stays it deems necessary to protect the bankruptcy estate. This court's order similarly does not preclude the state court from concluding that any judicial estoppel arguments raised by defendant have potential merit or from issuing any other orders in deference to pending bankruptcy proceedings.

the existence of the bankruptcy case.

5. The proceeding has already been commenced and can be timely adjudicated in a state court forum.

*Blakeley v. United Cable System*, 105 F. Supp. 2d 574, 583 n.9 (S.D. Miss. 2001) (citing 28 U.S.C. § 1334(c)(2)). Thus, in cases where (as here) a timely motion for abstention/remand has been filed, the law gives the court no choice but to abstain from hearing non-core cases premised on state law which could not have been commenced in federal court absent the existence of the bankruptcy case, so long as the case can be timely adjudicated in state court. Clearly, this law establishes a federal policy weighted against retaining jurisdiction over non-core cases such as the present one. Moreover, given the stated federal policy in favor of timely adjudicating claims, it should not be ignored that the process of removing state law claims based on a plaintiff's prior bankruptcy filing often (if not usually) serves to create more delays than it prevents. Regardless of whether the court is required to abstain from hearing this case, it clearly has the discretion to do so, and the court concludes that equitable remand is in order.[3]

It is therefore ordered that plaintiff's motion to remand [10-1] this case to the Chancery Court of Lafayette County is granted.

SO ORDERED, this 18th day of April, 2006.

　　__/s/ Michael P. Mills_____
　　**UNITED STATES DISTRICT JUDGE**

---

[3]In the court's view, equitable remand is preferable to discretionary abstention, to avoid any problems, either real or perceived, relating to the running of the statute of limitations if the case were dismissed in the abstention context. *See In Re Wright*, 231 B.R. 597, 601-02 (Bankr. W.D. Tex. 1999).

The court would also note that it appears that defendant did not timely remove this action, although it is unnecessary for the court to address this issue.